**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ENTERPRISE BANK AND TRUST<br><br>Plaintiff,<br><br>v.<br><br>JOSLYN HITTER, TRUSTEE OF THE STEVEN M. HITTER INSURANCE TRUST; STEVEN MICHAEL HITTER AND ETHEL HITTER, CO-TRUSTEES OF HITTER COMMUNITY PROPERTY TRUST; STEVEN M. HITTER in his individual capacity, and ETHEL HITTER in her individual capacity,<br><br>Defendants. | ) | Case No. 4:26-CV-01802 |

## COMPLAINT

Plaintiff Enterprise Bank and Trust ("Enterprise"), for its Complaint against defendants Joslyn Hitter ("J. Hitter"), Trustee of the Steven M. Hitter Insurance Trust (the "Borrower Trust"), Steven Michael Hitter and Ethel Hitter, Co-Trustees of the Hitter Community Property Trust ("Guarantor Trust"), Steven M. Hitter in his individual capacity (" S. Hitter"), and Ethel Hitter in her individual capacity ("E. Hitter" and together with the Borrower Trust, Guarantor Trust, and S. Hitter, the "Defendants"), states as follows:

## PARTIES

1. Enterprise is a Missouri-chartered trust company headquartered in Clayton, Missouri.

2. J. Hitter is the trustee of the Borrower Trust. J. Hitter is a natural person residing in Bennington County, Vermont. J. Hitter, as trustee of the Borrower Trust, is the borrower under

a certain loan transaction entered into by and between Enterprise and the Borrower Trust (as described more fully herein, the "Loan").

3. S. Hitter, as trustee, is a co-trustee of the Guarantor Trust. S. Hitter is a natural person residing in Los Angeles, California. The Guarantor Trust, by and through its co-trustees, is a guarantor of the Loan.

4. E. Hitter, as trustee, is a co-trustee of the Guarantor Trust. E. Hitter is a natural person residing in Los Angeles, California. The Guarantor Trust, by and through its co-trustees, is a guarantor of the Loan.

5. S. Hitter, individually, is a natural person residing in Los Angeles, California. S. Hitter is a guarantor of the Loan.

6. E. Hitter, individually, is a natural person residing in Los Angeles, California. E. Hitter is a guarantor of the Loan.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and there is complete diversity of citizenship between Enterprise and Defendants. Enterprise is a citizen of Missouri. Defendants are citizens of Vermont and California.

8. This Court also has authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, because an actual and justiciable controversy exists between Enterprise and Guarantor Trust regarding the validity, enforceability, and priority of Enterprise's security interest in the Pledged Asset Account, and Enterprise's right to exercise remedies with respect to that collateral.

9. The Court has personal jurisdiction over Defendants because this action arose from and is connected with Defendants' activities in Missouri and in this District. Defendants directly

and intentionally transacted business with Enterprise in this District with respect to the matters at issue in this lawsuit and a substantial part of the events giving rise to and at issue in this lawsuit occurred in this district. Further, Defendants consented to the jurisdiction of this Court pursuant to the Loan.

10. Venue in this Court is proper under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Enterprise's claims occurred in this District and Defendants consented to venue in this District pursuant to the Loan.

## GENERAL ALLEGATIONS

### A. The Loan and Guaranty Agreements

11. Beginning on August 11, 2021, Enterprise and Borrower agreed on the terms of a loan transaction (the "Loan") to finance premiums on certain life insurance contracts issued by Accordia Life and Annuity Company (hereafter "Accordia") that insured the life of S. Hitter.

12. Enterprise initially funded the Loan pursuant to a Promissory Note dated August 11, 2021 in the original principal amount of $17,250,000.00, executed by Borrower Trust (the "Note"). *See* Note, attached hereto as **Exhibit 1**. The Note contained a maturity date of "[t]he earlier of (i) August 11, 2026 and (ii) the death of any Insured." Ex. 1 at 1.

13. The Note evidences a loan transaction between the Borrower Trust and Enterprise, a Missouri-based lender. Ex. 1.

14. The Note states as follows:

> THIS NOTE AND THE OTHER LOAN DOCUMENTS SHALL BE GOVERENED BY AND CONSTRUED IN ACCORDANCE WITH THE SUBSTANTIVE LAWS OF THE STATE OF MISSOURI (WITHOUT REFERENCE TO CONFLICT OF LAW PRINCIPLES).
>
> BORROWER HEREBY IRREVOCABLY (A) SUBMITS TO THE JURISDICTION OF ANY MISSOURI STATE COURT SITTING IN THE EASTERN DISTRICT OF MISSOURI, EASTERN DIVISION, AS BANK MAY ELECT, IN ANY SUIT, ACTION OR PROCEEDING ARISING OUT OF OR RELATING TO THIS NOTE OR THE

> OTHER LOAN DOCUMENTS, (B) AGREES THAT ALL CLAIMS IN RESPECT TO ANY SUCH SUIT, ACTION, OR PROCEEEDING MAY BE HELD AND DETERMINED IN ANY OF SUCH COURTS . . . .

Ex. 1.

15. To secure repayment of the Loan, J. Hitter as trustee of the Borrower Trust, executed a Collateral Assignment of Life Insurance Policy, pursuant to which Borrower Trust assigned to Enterprise a life insurance policy held at Accordia insuring the life of the S. Hitter (policy number ******2949, hereafter the "Policy"). *See* Collateral Assignment of Life Insurance, attached hereto as **Exhibit 2**; Accordia Policy No. ******2949, attached hereto as **Exhibit 3**.

16. Also on August 11, 2021, S. Hitter and E. Hitter as co-trustees of the Guarantor Trust also executed a Pledge Agreement ("Pledge Agreement"), pursuant to which Guarantor Trust, as pledgor, pledged certain cash and securities titled in that certain marketable securities account number ***-*0673 with Merrill Lynch, Piece, Fenner & Smith ("Pledged Asset Account"). *See* Pledge Agreement, attached hereto as **Exhibit 4**.

17. In a section entitled "Consent to Forum," the Pledge Agreement states:

> PLEDGOR HEREBY CONSENTS TO THE JURISDICTION OF ANY STATE COURT LOCATED WITHIN THE CITY OF ST. LOUIS OR ST. LOUIS COUNTY, MISSOURI OR FEDERAL COURT IN THE EASTERN DISTRICT OF MISSOURI, EASTERN DIVISION. PEDGOR WAIVES ANY OBJECTION TO JURISDICTION AND VENUE OF ANY ACTION INSTITUTED AGAINST IT AS PROVIDED HEREIN AND AGREES NOT TO ASSERT ANY DEFENSE BASED ON LACK OF JURISDICTION OR VENUE . . . .

Ex. 4, ¶ 11(m).

18. Pursuant to Section 1 of the Pledge Agreement, Guarantor Trust, as Pledgor, "hereby assign[ed], pledge[d] and grant[ed] a continuing security interest in and to" the cash and securities in the Pledged Asset Account and all proceeds thereof, "to secure the payment and

performance by Pledgor of all of Borrower and Pledgor's obligations to Bank... including but not limited to Borrower's obligations under the Note." Ex. 4 at ¶ 1.

19. In Section 3 of the Pledge Agreement, Guarantor Trust represented and warranted to Enterprise that "(a) Pledgor is the sole owner of the Pledged Securities, (b) Pledgor has the full right and authority to enter into this Agreement and to convey the pledge and security interest herein provided to Bank, and (c) that no other person has or purports to have any right, title, lien, encumbrance, adverse claim or interest in the Collateral." Ex. 4 at ¶ 3.

20. Section 4(d) of the Pledge Agreement required Guarantor Trust to "keep the Collateral free from all security interests (other than granted pursuant to this Agreement), liens, claims, charges, [and] encumbrances... ." Ex. 4 at ¶ 4(d).

21. Section 7 of the Pledge Agreement provides that an "Event of Default" occurs upon, among other things: "(a) Failure by Borrower or Pledgor to pay or perform any of the Obligations when due"; "(c) If Pledgor shall fail to perform any covenant, condition or provision of this Agreement, or any representation made shall be materially false or any warranty herein shall be materially breached"; and "(d) The occurrence of any event of default pursuant to any other agreement, written or otherwise, between Pledgor and Bank, including, but not limited to the Note." Ex. 4 at ¶ 7.

22. Section 9 of the Pledge Agreement provides that, upon an Event of Default, "Bank shall have all of the rights and remedies of a secured party under the Uniform Commercial Code of Missouri, including, without limitation, the right to vote the Collateral and exercise all powers and rights conferred upon shareholders of the Pledged Securities and the right to sell or otherwise dispose of, from time to time, any or all of the Collateral in whole or in parcels in one or more sales in such order as Bank shall select." Ex. 4 at ¶ 9.

23. In conjunction with the Pledge Agreement, and for the express purpose of perfecting Enterprise's security interest in the Pledged Asset Account by granting Enterprise control over the Account within the meaning of the Missouri Uniform Commercial Code, Guarantor Trust, Enterprise, and Merrill Lynch also executed that certain Pledged Collateral Account Control Agreement (the "Control Agreement"). Control Agreement, attached hereto as **Exhibit 13.**

24. To guaranty repayment of the Loan, on August 11, 2021, S. Hitter and E. Hitter as co-trustees of the Guarantor Trust, executed that certain guaranty agreement ("Guarantor Trust Guaranty") pursuant to which Guarantor Trust "irrevocably, unconditionally and absolutely guarantees to [Enterprise]… each and every obligation of the Borrower and Guarantor under the Loan Documents as well as any and all renewals, amendments, modifications, refunding, or extensions thereof regardless of any collateral now held by Lender or which may hereafter be acquired by Lender as security for the payment of the Loan plus all Enforcement Costs." *See* Guarantor Trust Guaranty at ¶ 1, attached hereto as **Exhibit 5**.

25. Also on August 11, 2021, both S. Hitter in his individual capacity and E. Hitter in her individual capacity executed those certain guaranty agreements ("S. Hitter Guaranty" and "E. Hitter Guaranty," respectively), pursuant to which both S. Hitter and E. Hitter guaranteed repayment of all indebtedness owing from Borrower Trust to Enterprise. *See* E. Hitter Guaranty, attached hereto as **Exhibit 6**; S. Hitter Guaranty, attached hereto as **Exhibit 7**.

26. The S. Hitter Guaranty and the E. Hitter Guaranty both state as follows:

> Guaranteed Obligations. In order to induce Lender to make the Loan to Borrower, the Guarantor hereby irrevocably, unconditionally and absolutely guarantees to Lender . . . each and every obligation of Borrower under the Loan Documents as well as any and all renewals, amendments, modifications, refunding, or extensions thereof . . . .

Ex. 6 at ¶ 1; Ex. 7 at ¶ 1.

27. The S. Hitter Guaranty and E. Hitter Guaranty both state as follows:

> CONSENT TO JURISDICTION. TO INDUCE LENDER TO ACCEPT THIS GUARANTY, GUARANTOR IRREVOCABLY AGREES THAT, SUBJECT TO LENDER'S SOLE AND ABSOLUTE ELECTION, ALL ACTIONS OR PROCEEDINGS IN ANY WAY ARISING OUT OF OR RELATED TO THIS GUARANTY WILL BE LITIGATED IN ANY FEDERAL COURT HAVING SITUS IN THE EASTERN DISTRICT OF MISSOURI OR ANY COURTS HAVING SITUS IN ST. LOUIS CITY OR ST. LOUIS COUNTY, MISSOURI. GUARANTOR HEREBY CONSENTS AND SUBMITS TO THE JURISDICTION OF ANY COURT LOCATED WITHIN ST. LOUIS CITY OR ST. LOUIS COUNTY, MISSOURI . . . .

Ex. 6 at ¶ 20; Ex. 7 at ¶ 20.

28. On June 13, 2024, J. Hitter as trustee of the Borrower Trust executed a Modification Agreement ("Modification Agreement") which, among other things, reflected Enterprise's recent change from LIBOR to SOFR interest indexes (defined below), and incorporated additional collateral in the form of an Assignment of Certificate of Deposit. *See* Modification Agreement, attached hereto as **Exhibit 8**.

29. Specifically, Borrower Trust and Enterprise agreed in the Modification Agreement to replace the Note's interest rate from London Interbank Offered Rate ("LIBOR") to the 1-Month Term Secured Overnight Financing Rate ("SOFR"). Ex. 8 at 2.1.

30. The update to SOFR in the Modification Agreement reflected a change that occurred on March 1, 2023, whereby Enterprise updated all floating rate loans tied to LIBOR over to SOFR. Enterprise notified its commercial borrowers of this change in writing in January of 2023. *See* January 2023 Notice, attached hereto as **Exhibit 9**.

31. Borrower Trust and Enterprise also agreed in the Modification Agreement to replace the prior definition of "Maximum Loan Balance" to now include "100% of the low point surrender value of the Policy plus 75% of the market value of the Pledged Asset Account plus 100% of the value of the Certificate of Deposit. The Maximum Loan Balance may be modified

from time to time, provided, however, any such modification shall not take effect until Bank has received a written Notice of Change of Maximum Loan Balance signed by Borrower and Bank" and in the agreed upon form. *See* Ex. 8 at 2.3.

32. The Modification Agreement also replaced the original definition of "Collateral Documents" to include the assignment of the Certificate of Deposit. Ex. 8 at 2.4.

33. In conjunction with the Modification Agreement and also on June 13, 2024, Jeffrey J. Gutovich ("Gutovich"), the broker on the transaction, and Enterprise entered into that certain Assignment of Certificate of Deposit ("Certificate of Deposit"), whereby assignor sold, assigned, and transferred to Enterprise all right, title, and interest in the Certificate of Deposit Number ******5251 as further security and collateral for the Loan. *See* Certificate of Deposit, attached hereto as **Exhibit 10**.

34. In further conjunction with the Modification Agreement, J. Hitter as trustee of the Borrower Trust executed a Trustee Certificate on June 13, 2024, wherein J. Hitter represented she was "authorized to act on behalf of and bind the Trust." *See* Trustee Certificate at 1, attached hereto as **Exhibit 11**.

35. In total, during the duration of the Loan, Enterprise advanced the sum of approximately $17,250,000.

**B. <u>Maturity and Failure to Pay</u>**

36. Pursuant to the express agreement of the parties, the loan matured on August 11, 2026. Ex. 1 at 1.

37. To date, Borrower Trust has defaulted on the Loan by failing to pay the balance due on the Note upon its maturity date of August 11, 2026.

38. Rather than cure these defaults, S. Hitter individually and as co-trustee of the Borrower Trust, through counsel, has informed Enterprise he has no intent to pay the outstanding balance as required under the Loan, Guarantor Trust Guaranty, and S. Hitter Guaranty.

39. Moreover, despite Enterprise's security interest in the Pledged Asset Account, S. Hitter has also informed Merril Lynch, the holder of the Pledged Asset Account, that there is an "adverse claim" on the Pledged Asset Account. *See* August 2026 Letter to Merrill Lynch, attached hereto as **Exhibit 12.**

40. S. Hitter further instructed Merrill Lynch to "preserve the status quo pending resolution of the dispute," and baselessly claimed "Enterprise's authority over the collateral[] is disputed." Ex. 13 at 1.

41. Guarantor Trust's and/or S. Hitter's assertion of a purported "adverse claim" and instruction to Merrill Lynch to withhold recognition of Enterprise's rights in the Pledged Asset Account breached Guarantor Trust's covenant in Section 4(d) of the Pledge Agreement to keep the Collateral free of all claims, liens, and encumbrances other than Enterprise's security interest.

42. Moreover, this conduct also constitutes an independent Event of Default under Section 7 of the Pledge Agreement and entitles Enterprise to exercise its remedies under Section 9 of the Pledge Agreement.

43. Enterprise has reasonably incurred, and is continuing to incur, expenses for legal services to protect its interests relating to the Loan. Additionally, interest shall continue to accrue on the unpaid principal balance of the Loan under the terms of the Loan Documents until the unpaid principal balance is fully repaid. In addition to accrued interest, Borrower Trust is liable for all other obligations under the Loan Documents including, without limitation, any amounts that

are due or may become due and owing under the Loan Documents, late fees, legal fees, expenses, and court costs.

44. To date, the remaining unpaid balance due and owing under the Loan as of October 1, 2026 is $12,661,262.84, which consists of $12,546,188.24 in unpaid principal, $8,992.58 in unpaid late charges, and $106,082.02 in accrued and unpaid interest, plus interest from and after October 1, 2026 and accrued and accruing attorneys' fees and costs associated with the enforcement of Enterprise's rights under the Loan (the "Indebtedness").

45. Enterprise incorporates by reference the contents of each exhibit to this petition as though those exhibits were set forth fully in this petition.

**COUNT ONE: BREACH OF NOTE**
**(Defendant J. Hitter, Trustee of the Borrower Trust)**

46. Enterprise incorporates by reference the preceding paragraphs of this petition.

47. The Note is a valid, enforceable contract.

48. Enterprise performed or tendered its performance of its obligations under the Note, including by making the Loan to Borrower Trust.

49. The Note matured by its terms on August 11, 2026.

50. Borrower has failed to pay the Note upon its maturity, which constitutes a breach of the Note.

51. As of October 1, 2026, Borrower is indebted to Enterprise under the Note for the Indebtedness as follows: $12,661,262.84, which consists of $12,546,188.24 in unpaid principal, $8,992.58 in unpaid late charges, and $106,082.02 in accrued and unpaid interest, plus interest from and after October 1, 2026, and accrued and accruing attorneys' fees and costs associated with the enforcement of Enterprise's rights under the Loan Documents.

52. As a result of Borrower Trust's material breach of the Note, Enterprise suffered damages, including the loss of the principal that it lent in exchange for that agreement, interest on that money, and expenses that Enterprise has incurred to recover those amounts.

53. Enterprise has met all conditions precedent under the Note.

WHEREFORE, Enterprise asks the Court to enter judgment in its favor against Borrower for (a) $12,661,262.84; (b) interest that accrues on the principal balance of the Note after October 1, 2026; (c) expenses including, without limitation, reasonable attorneys' fees and expenses, relating to the Loan that Enterprise has incurred and will incur to protect or enforce its rights relating to the Loan; and (d) pre-judgment interest and post-judgment interest as permitted by law, as well as any other relief that the Court deems just.

**COUNT TWO: BREACH OF GUARANTY**
**(Defendant Guarantor Trust)**

54. Enterprise incorporates by reference the preceding paragraphs of this petition.

55. S. Hitter and E. Hitter, as co-trustees of the Guarantor Trust, gave the Guarantor Trust Guaranty to induce Enterprise to extend credit to Borrower Trust and in exchange for the extension of credit by Enterprise to Borrower Trust.

56. In the Guarantor Trust Guaranty, S. Hitter and E. Hitter as co-trustees of the Guarantor Trust absolutely and unconditionally guaranteed the payment and performance of Borrower Trust's obligations to Enterprise.

57. S. Hitter and E. Hitter as co-trustees of the Guarantor Trust delivered the Guarantor Trust Guaranty to Enterprise.

58. Relying on the Guarantor Trust Guaranty, Enterprise extended credit to Borrower Trust, including making and/or extending the Loan.

59. S. Hitter and E. Hitter as co-trustees of the Guarantor Trust have failed to pay the unpaid amounts due and owing by Borrower Trust on the Loan.

60. By failing to pay the Loan after Borrower Trust also failed to pay the Loan, S. Hitter and E. Hitter as co-trustees of the Guarantor Trust materially breached the Guarantor Trust Guaranty.

61. As a result of those material breaches of the Guarantor Trust Guaranty, Enterprise suffered damages, including the loss of the principal that it lent, interest on that money, and expenses that Enterprise incurred to recover those amounts.

62. Enterprise has met all conditions precedent under the Guarantor Trust Guaranty.

WHEREFORE, Enterprise asks the Court to enter judgment in its favor against S. Hitter and E. Hitter as co-trustees for the Guarantor Trust, for (a) $12,661,262.84; (b) expenses including, without limitation, reasonable attorneys' fees and expenses, relating to the enforcement of the Guarantor Trust Guaranty that Enterprise has incurred and will incur to protect or enforce its rights relating to the Guarantor Trust Guaranty; and (c) pre-judgment interest and post-judgment interest as permitted by law, as well as any other relief that the Court deems just.

**COUNT THREE: BREACH OF GUARANTY**
**(Defendant S. Hitter)**

63. Enterprise incorporates by reference the preceding paragraphs of this petition.

64. S. Hitter gave the S. Hitter Guaranty to induce Enterprise to extend credit to Borrower Trust and in exchange for the extension of credit by Enterprise to Borrower Trust.

65. In the S. Hitter Guaranty, S. Hitter absolutely and unconditionally guaranteed the payment and performance of Borrower Trust's obligations to Enterprise.

66. S. Hitter delivered the S. Hitter Guaranty to Enterprise.

67. Relying on the S. Hitter Guaranty, Enterprise extended credit to Borrower Trust, including making and/or extending the Loan.

68. S. Hitter has failed to pay the unpaid amounts due and owing by Borrower Trust on the Loan.

69. By failing to pay the Loan after Borrower Trust also failed to pay the Loan, S. Hitter materially breached the S. Hitter Guaranty.

70. As a result of those material breaches of the S. Hitter Guaranty, Enterprise suffered damages, including the loss of the principal that it lent, interest on that money, and expenses that Enterprise incurred to recover those amounts.

71. Enterprise has met all conditions precedent under the S. Hitter Guaranty.

WHEREFORE, Enterprise asks the Court to enter judgment in its favor against S. Hitter for (a) $12,661,262.84; (b) expenses including, without limitation, reasonable attorneys' fees and expenses, relating to the enforcement of the S. Hitter Guaranty that Enterprise has incurred and will incur to protect or enforce its rights relating to the S. Hitter Guaranty; and (c) pre-judgment interest and post-judgment interest as permitted by law, as well as any other relief that the Court deems just.

## COUNT FOUR: BREACH OF GUARANTY (Defendant E. Hitter)

72. Enterprise incorporates by reference the preceding paragraphs of this petition.

73. E. Hitter gave the E. Hitter Guaranty to induce Enterprise to extend credit to Borrower Trust and in exchange for the extension of credit by Enterprise to Borrower Trust.

74. In the E. Hitter Guaranty, E. Hitter absolutely and unconditionally guaranteed the payment and performance of Borrower Trust's obligations to Enterprise.

75. E. Hitter delivered the E. Hitter Guaranty to Enterprise.

76. Relying on the E. Hitter Guaranty, Enterprise extended credit to Borrower Trust, including making and/or extending the Loan.

77. E. Hitter has failed to pay the unpaid amounts due and owing by Borrower Trust on the Loan.

78. By failing to pay the Loan after Borrower Trust also failed to pay the Loan, E. Hitter materially breached the E. Hitter Guaranty.

79. As a result of those material breaches of the E. Hitter Guaranty, Enterprise suffered damages, including the loss of the principal that it lent, interest on that money, and expenses that Enterprise incurred to recover those amounts.

80. Enterprise has met all conditions precedent under the E. Hitter Guaranty.

WHEREFORE, Enterprise asks the Court to enter judgment in its favor against E. Hitter for (a) $12,661,262.84; (b) expenses including, without limitation, reasonable attorneys' fees and expenses, relating to the enforcement of the E. Hitter Guaranty that Enterprise has incurred and will incur to protect or enforce its rights relating to the E. Hitter Guaranty; and (c) pre-judgment interest and post-judgment interest as permitted by law, as well as any other relief that the Court deems just.

**COUNT FIVE: BREACH OF PLEDGE AGREEMENT**
**(Defendant Guarantor Trust)**

81. Enterprise incorporates by reference the preceding paragraphs of this petition.

82. The Pledge Agreement is a valid, enforceable contract between Guarantor Trust, as Pledgor, and Enterprise.

83. Enterprise performed its obligations under the Pledge Agreement, including by extending and maintaining the Loan in reliance on Guarantor Trust's pledge of the Pledged Asset Account as Collateral.

84. Pursuant to Section 1 of the Pledge Agreement, Guarantor Trust granted Enterprise a continuing security interest in the Pledged Asset Account to secure Borrower's and Guarantor Trust's obligations under the Loan Documents, including the Note.

85. Guarantor Trust covenanted in Section 4(d) of the Pledge Agreement to keep the Collateral free from all liens, claims, charges, and encumbrances other than Enterprise's security interest, and in Section 4(b) to cooperate with Enterprise in perfecting and enforcing Enterprise's security interest.

86. In breach of these representations, warranties, and covenants, and notwithstanding Enterprise's valid and perfected security interest in the Pledged Asset Account, Guarantor Trust and/or S. Hitter, acting on Guarantor Trust's behalf or in concert with it, informed Merrill Lynch that there is an "adverse claim" on the Pledged Asset Account and instructed Merrill Lynch to "preserve the status quo pending resolution of the dispute," notwithstanding that no legitimate dispute exists regarding Enterprise's rights to the Collateral.

87. By doing so, Guarantor Trust breached Sections 3, 4(b), and 4(d) of the Pledge Agreement, and caused and/or attempted to cause an Event of Default under Section 7(c) of the Pledge Agreement.

88. As a direct and proximate result of Guarantor Trust's breaches of the Pledge Agreement, Enterprise has been damaged, including by being wrongfully denied access to, and the ability to liquidate, the Collateral securing the Loan, and has incurred and continues to incur attorneys' fees and costs to enforce its rights under the Pledge Agreement, which fees and costs are recoverable under Section 11(i) of the Pledge Agreement.

89. Enterprise has met all conditions precedent under the Pledge Agreement.

WHEREFORE, Enterprise asks the Court to enter judgment in its favor and against Guarantor Trust for (a) damages in an amount to be proven at trial, including Enterprise's costs and attorneys' fees incurred in enforcing the Pledge Agreement; (b) pre-judgment and post-judgment interest as permitted by law; and (c) any other relief the Court deems just.

**COUNT SIX: DECLARATORY JUDGMENT**
**28 U.S.C. §§ 2201, 2202**
**(Defendant Guarantor Trust)**

90. Enterprise incorporates by reference the preceding paragraphs of this petition.

91. An actual, justiciable controversy exists between Enterprise and Guarantor Trust regarding the validity, enforceability, and priority of Enterprise's security interest in the Pledged Asset Account, and Enterprise's right to exercise remedies with respect to the Collateral.

92. Pursuant to the Pledge Agreement, Guarantor Trust granted Enterprise a security interest in the Pledged Asset Account to secure the Obligations, as that term is defined in the Pledge Agreement.

93. Enterprise perfected its security interest in the Pledged Asset Account by obtaining control over the Account, within the meaning of RSMo.§§ 400.8-106 and 400.9-106, pursuant to the Control Agreement executed by Guarantor Trust, Enterprise, and Merrill Lynch.

94. An Event of Default has occurred under the Pledge Agreement and under the other Loan Documents, entitling Enterprise to exercise its remedies under Section 9 of the Pledge Agreement and under Article 9 of the Missouri Uniform Commercial Code, §§ 400.9-601 et seq. RSMo.

95. Notwithstanding the foregoing, Guarantor Trust and/or S. Hitter have asserted, without any good faith basis, that a "dispute" exists regarding Enterprise's authority over the Collateral, and have instructed Merrill Lynch to refuse to recognize Enterprise's rights to the Pledged Asset Account, thereby preventing Enterprise from exercising its remedies.

96. Enterprise is entitled to a declaration, pursuant to 28 U.S.C. §§ 2201 and 2202, that: (a) the Pledge Agreement constitutes a valid and enforceable security agreement under Missouri law; (b) Enterprise holds a valid, enforceable, and perfected first-priority security interest in the Pledged Asset Account and all cash, securities, and other property held therein; (c) no legitimate dispute, adverse claim, lien, or other encumbrance exists with respect to the Pledged Asset Account other than Enterprise's security interest; (d) an Event of Default has occurred under the Pledge Agreement and the other Loan Documents; and (e) Enterprise is entitled to exercise all rights and remedies of a secured party under Section 9 of the Pledge Agreement and Article 9 of the Missouri Uniform Commercial Code, including the right to take control of, sell, assign, and otherwise dispose of or liquidate the Collateral in the Pledged Asset Account.

WHEREFORE, Enterprise asks the Court to enter a declaratory judgment in its favor and against Guarantor Trust declaring: (a) that the Pledge Agreement is a valid and enforceable security agreement; (b) that Enterprise holds a valid, enforceable, and perfected security interest in the Pledged Asset Account; (c) that an Event of Default has occurred under the Pledge Agreement and the Loan Documents; (d) that Enterprise is entitled to exercise its Article 9 remedies, including the right to sell, liquidate, or otherwise dispose of the Collateral in the Pledged Asset Account pursuant to Section 9 of the Pledge Agreement; and (e) for such other and further relief as the Court deems just and proper.

Respectfully submitted this 19th day of October, 2026.

**SPENCER FANE LLP**

By: */s/ Peter L. Riggs*
Peter L. Riggs
Missouri Bar #57268
Emily N. Reed

Missouri Bar #73908
1000 Walnut Street, Suite 1400
Kansas City, MO 64106
Telephone: 816-474-8100
Facsimile: 816-474-3216
priggs@spencerfane.com
ereed@spencerfane.com

*Attorneys for Defendant Enterprise Bank & Trust*

# UNITED STATES DISTRICT COURT

for the

Eastern District of Missouri

Enterprise Bank and Trust

*Plaintiff*

v.

Joslyn Hitter, Trustee of the Steven M. Hitter Insurance Trust; et al.

*Defendant*

Civil Action No.4:26-cv-1802

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)* Ethel Hitter
11028 W. Sunset Blvd,
Los Angeles, CA 90049

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Peter Riggs
1000 Walnut Suite 1400
Kansas City, MO 64106

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: ____________________

____________________
*Signature of Clerk or Deputy Clerk*

Civil Action No.

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* ______________________
was received by me on *(date)* ______________ .

❒ I personally served the summons on the individual at *(place)* ______________________
______________________ on *(date)* ______________ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* ______________
______________________ , a person of suitable age and discretion who resides there,
on *(date)* ______________ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* ______________________ , who is
designated by law to accept service of process on behalf of *(name of organization)* ______________
______________________ on *(date)* ______________ ; or

❒ I returned the summons unexecuted because ______________________ ; or

❒ Other *(specify)*:
.

My fees are $ ________ for travel and $ ________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________
*Server's signature*

______________________
*Printed name and title*

______________________
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Missouri

Enterprise Bank and Trust

*Plaintiff*

v.

Joslyn Hitter, Trustee of the Steven M. Hitter Insurance Trust; et al.

*Defendant*

Civil Action No 4:26-cv-1802 .

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Joslyn Hitter, Trustee of the Steven M. Hitter Insurance Trust
267 Brookside Dr.
East Dorset, VT 05253

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Peter Riggs
1000 Walnut Suite 1400
Kansas City, MO 64106

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: ____________________

____________________

*Signature of Clerk or Deputy Clerk*

Civil Action No.

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* __________
was received by me on *(date)* __________ .

❒ I personally served the summons on the individual at *(place)* __________
__________ on *(date)* __________ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* __________
__________ , a person of suitable age and discretion who resides there,
on *(date)* __________ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* __________ , who is
designated by law to accept service of process on behalf of *(name of organization)* __________
__________ on *(date)* __________ ; or

❒ I returned the summons unexecuted because __________ ; or

❒ Other *(specify)*:
.

My fees are $ __________ for travel and $ __________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: __________

__________
*Server's signature*

__________
*Printed name and title*

__________
*Server's address*

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT

for the

Eastern District of Missouri

Enterprise Bank and Trust

*Plaintiff*

v.

Joslyn Hitter, Trustee of the Steven M. Hitter Insurance Trust; et al.

*Defendant*

Civil Action No 4:26-cv-1802 .

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Steven Michael Hitter and Ethel Hitter, Co-Trustees of Hitter Community Property Trust
11028 W. Sunset Blvd,
Los Angeles, CA 90049

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Peter Riggs
1000 Walnut Suite 1400
Kansas City, MO 64106

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: ____________________

____________________
*Signature of Clerk or Deputy Clerk*

Civil Action No.

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* ______________________
was received by me on *(date)* ______________ .

❒ I personally served the summons on the individual at *(place)* ______________________
______________________ on *(date)* ______________ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* ______________
______________________ , a person of suitable age and discretion who resides there,
on *(date)* ______________ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* ______________________ , who is
designated by law to accept service of process on behalf of *(name of organization)* ______________
______________________ on *(date)* ______________ ; or

❒ I returned the summons unexecuted because ______________________ ; or

❒ Other *(specify)*:
.

My fees are $ ________ for travel and $ ________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________
*Server's signature*

______________________
*Printed name and title*

______________________
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Missouri

| | | |
|---|---|---|
| Enterprise Bank and Trust<br>*Plaintiff*<br>v.<br>Joslyn Hitter, Trustee of the Steven M. Hitter Insurance Trust; et al.<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No 4:26-cv-1802 . |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)* Steven M. Hitter
11028 W. Sunset Blvd,
Los Angeles, CA 90049

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Peter Riggs
1000 Walnut Suite 1400
Kansas City, MO 64106

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: ______________________

______________________________
*Signature of Clerk or Deputy Clerk*

Civil Action No.

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* ______________________
was received by me on *(date)* ______________ .

❐ I personally served the summons on the individual at *(place)* ______________________
______________________ on *(date)* ______________ ; or

❐ I left the summons at the individual's residence or usual place of abode with *(name)* ______________
______________________ , a person of suitable age and discretion who resides there,
on *(date)* ______________ , and mailed a copy to the individual's last known address; or

❐ I served the summons on *(name of individual)* ______________________ , who is
designated by law to accept service of process on behalf of *(name of organization)* ______________
______________________ on *(date)* ______________ ; or

❐ I returned the summons unexecuted because ______________________ ; or

❐ Other *(specify)*:

.

My fees are $ ________ for travel and $ ________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________
*Server's signature*

______________________
*Printed name and title*

______________________
*Server's address*

Additional information regarding attempted service, etc: